UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LATOSHIA McCANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:21-cv-60 |
| | ) |
| BERRY GLOBAL, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, Latoshia McCann ("McCann"), brings this Complaint against Defendant, Berry Global, Inc., ("Defendant"), for its discriminatory actions toward her based on her, race, African-American, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**II. Parties**

2. McCann is a citizen of the United States and has resided within the State of Indiana at all relevant times hereto.

3. Defendant is a foreign for-profit corporation who conducted business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

**III. Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. McCann, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f) .

7. McCann satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge Nos. 24C-2019-00119 and 24C-2019-00125 alleging race discrimination and retaliation. McCann received her Notices of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV. Factual Allegations

9. McCann, who is African-American, was hired by the Defendant on or about March 11, 2019, as a Customer Service Agent.

10. At all times relevant, McCann met Defendant's legitimate performance expectations.

11. McCann was the only African-American in her department.

12. In or about May 2019, Landon Wilson ("Wilson"), a White co-worker, used a racial slur toward McCann, which McCann engaged in a protected activity and promptly reported to the Defendant's Human Resources Partner, Jenifer Canare ("Canare"), who is White.

13. On or about May 22, 2019, McCann met with Canare about her reports. Canare said she would address McCann's complaint; however, Wilson continued with his discriminatory remarks and, to McCann's knowledge, nothing was done even though she kept complaining of his conduct.

14. On or about June 7, 2019, McCann met with her supervisors – Amanda Marksberry ("Marksberry") and Nicole Ausbrooks ("Ausbrooks"), both of whom are White.

McCann was issued 4 written disciplinary actions for 4 consecutive days – June 4, 5, 6, and 7 for using foul language.

15. First, several of McCann's White co-workers regularly used swear words and were not disciplined. Moreover, McCann questioned a White co-worker, Nichole Folz ("Folz"), why she was being disciplined and White co-workers were not – and Folz responded that was the way McCann was "interpreted."

16. Moreover, Marksberry has used the n-word on several occasions when speaking to McCann and other racially inappropriate comments when speaking about her mixed-race child.

17. In or about June 2019, McCann requested days off for that month. Marksberry approved McCann's request and told her to enter the days into the work calendar – which she did. However, on or about June 26, 2019, Marksberry called McCann and told her she was going to mark her as a no-call/no-show for those dates and she was calling Human Resources to see if McCann had days of to take. However, a White co-worker, Amy Eads, had no paid time off to take, but she was allowed off from on or about June 10 through June 14, 2019.

18. On June 26, 2019, McCann engaged in a protected activity and filed a Charge of Discrimination with the Evansville-Vanderburgh Human Relations Commission and EEOC alleging race discrimination and retaliation – EEOC Charge No.: 24C-2019-00119.

19. On or about June 28, 2019, McCann was placed on a 60 day Performance Improvement Plan. McCann explained that she was still in her 90 day probationary period and it was difficult for her to perform when she was subjected to discrimination and her complaints were not being addressed. Moreover, McCann's trainers told her that any negative points during her probationary period would not be used against her; however, they were used in her PIP.

20. On or about August 8, 2019, McCann was separated from her teammate – Folz – who she had been working with and confiding in regarding the discrimination and retaliation.

21. McCann was placed with another teammate – Lori Stutler – who showed McCann the Defendant's "price and consolidation pages", which was an essential document for McCann to perform her job duties; however, the Defendant never provided the document to her prior to that date.

22. McCann was terminated from her employment with the Defendant on or about August 27, 2019, for purportedly – "not meeting standards."

23. McCann was harassed, subjected to a hostile work environment, discriminated against, and ultimately terminated based on her race and/or in retaliation for engaging in a protected activity.

## V. Causes of Action

### Count I. - Title VII – Race Discrimination Claim

24. McCann hereby incorporates by reference paragraphs one (1) through twenty-three (23) of her Complaint.

25. McCann was harassed, subjected to a hostile work environment, discriminated against and terminated based on her race, African-American.

26. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant's actions were willful, intentional, and done with reckless disregard for McCann's civil rights.

28. McCann has suffered injury as a result of Defendant's unlawful actions.

### Count II. - Title VII – Retaliation Claim

29. McCann hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of her Complaint.

30. McCann was harassed, subjected to a hostile work environment, discriminated against and terminated based on retaliation for engaging in a protected activity.

31. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

32. Defendant's actions were willful, intentional, and done with reckless disregard for McCann's civil rights.

33. McCann has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Latoshia McCann, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their race;

2. Order that the Plaintiff be awarded back pay, lost wages, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Reinstate Plaintiff to her former position or award front pay in lieu thereof;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

        Respectfully submitted,

        _s/Kyle F. Biesecker_____
        Kyle F. Biesecker, Attorney No. 24095-49
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana  47708
        Telephone:   (812) 424-1001
        Facsimile:    (812) 424-1005
        E-Mail:        kfb@bdlegal.com

        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Latoshia McCann, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        _s/Kyle F. Biesecker_____
        Kyle F. Biesecker, Attorney No. 24095-49
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana  47708
        Telephone:   (812) 424-1001
        Facsimile:    (812) 424-1005
        E-Mail:        kfb@bdlegal.com

        Attorneys for Plaintiff